**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **ANDY SPINKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:18-CV-2616** |
| | ) | |
| **R AND S SERVICES, LLC** | ) | |
| **and RICHARD T. PARKS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.      Plaintiff, Andy Spinks ("Spinks"), by counsel, brings this action against

Defendants R and S Services, LLC ("R and S") and ("Parks")(together "Defendants"), for

failure to pay minimum wages in violation of 29 U.S.C. §206*, et. seq*., under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. and for failure to pay earned

wages in violation of Indiana state law.

## PARTIES

2.      Spinks is an individual who resides in Marion County, Indiana.

Defendants employed Spinks within the three-year period preceding the filing of this

Complaint.  Spinks was an individual employee within the meaning of the FLSA, 29

U.S.C. § 203(e)(1).

3.      Parks is an owner, member and/or officer of R and S.  In this capacity,

Parks is involved in the day-to-day business operations of R and S.  Parks has the

authority to sign on corporate checking accounts, including payroll accounts, and the

authority to make decisions regarding wage and hour issues, including decisions

regarding the minimum wage violations alleged in this Complaint.  At all relevant times,
Parks acted and had responsibility to act on behalf of, and in the interests of, R and S in
devising, directing, implementing and supervising the wage practices and policies
relating to employees, including the minimum wage issues raised in this lawsuit.   At all
relevant times, Parks was an "employer" within the meaning of the FLSA, 29 U.S.C. §
203(d).

4.  R and S is an Indiana limited liability company doing business in Johnson
County, Indiana.  R and S acted, directly or indirectly, in the interest of an employer with
respect to Spinks. R and S is an "employer" within the meaning of the FLSA, 29 U.S.C.
§ 203(d).

## JURISDICTION

5.      This Court has jurisdiction over Defendants because Spinks has asserted
a claim arising under federal law.  This Court has supplemental jurisdiction over Spinks
Indiana state law claim pursuant to 28 U.S.C. §1367.

## VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.  Venue is
appropriate in the Southern District of Indiana because the wage and hour violations at
issue in this case occurred in this District.

## COVERAGE

7.      At all times hereinafter mentioned, Defendants have been an enterprise
within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8.      At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9.      At all times hereinafter mentioned, Spinks was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

10.      Defendants employed Spinks as a sheet metal installer from approximately February 2018 to May 30, 2018 when Spinks' voluntarily resigned his employment with Defendants.

11.      Throughout his employment with Defendants, Spinks was paid an hourly rate of $28.00 per hour.  Defendants paid Spinks on a weekly basis.

12.      For his second to last week of employment, May 20, 2018 to May 26, 2018, Spinks worked a total of 40 hours.

13.      For his second to last week of employment, Spinks is owed the gross amount of $1,120.00, calculated as Spinks' regular rate of $28.00 an hour multiplied by his 40 hours worked from May 20, 2018 to May 26, 2018.

14.      Defendants' have failed and refused to pay Spinks his earned wages for all hours worked from May 20, 2018 to May 26, 2018.

15.    Defendants unlawfully deducted $700.00 from Spinks' paycheck for pay period May 20, 2018 to May 26, 2018.  Specifically and for that pay period, Defendants issued Spinks a paystub reflecting his 40 hours worked and earned wages of $1,120.00. This paystub shows that Defendants' withheld taxes on this entire amount totaling $259.49 and then deducted $700.00, leaving Spinks with net pay of $160.51 for his 40 hours worked.

16.    Spinks was not exempt from the minimum wage provisions of the FLSA.

17.    For his week of employment from May 20, 2018 to May 26, 2018, Spinks was not paid the minimum wage required under the FLSA.

18.    Defendants' conduct in not paying Spinks all his earned wages was willful and in bad faith.

19.    Defendants' conduct in not paying Spinks the minimum wage required under the FLSA was willful and in bad faith.

### COUNT I:  FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20.    Spinks hereby incorporates by reference paragraphs 1 – 19 of his Complaint.

21.    During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 206 by failing to comply with the minimum wage requirements of the FLSA.

22.    Defendants have acted willfully, or with reckless disregard, in failing to pay Spinks in accordance with the law.

## COUNT II: FAILURE TO PAY WAGES IN
## ACCORDANCE WITH INDIANA CODE §22-2-5 *et. seq.*

23.    Spinks hereby incorporates by reference Paragraphs 1-22 of this Complaint

24.    During the relevant time period, Defendants have violated and are violating I.C. §22-2-5 *et. seq.* by failing to timely pay Spinks all earned wages.

25.    Defendants' failure to pay Spinks his earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Spinks demands:

a.    An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid minimum wages due to Spinks and for liquidated damages in an amount equal to the unpaid minimum wages found due to Spinks;

b.    An Order pursuant to §22-2-5 *et. seq.* finding Defendants liable for unpaid earned wages pay due to Spinks and for liquidated damages equal to double the amount of unpaid earned vacation pay found due to Spinks;

c.    An Order awarding Spinks his attorneys' fees and costs of this action; and

d.    An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 220
Carmel, Indiana 46032
Telephone:   (317) 743-0614
Facsimile:   (317) 743-0615
E-Mail:       rob@indianawagelaw.com

Attorney for Plaintiff